FILED

October 27 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0128

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 356N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

CLAY DAVID REDDING,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Treasure, Cause No. DC 06-01
Honorable Joe L. Hegel, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Terry F. Schaplow, Attorney at Law, Bozeman, Montana

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General; Tammy Plubell,
Assistant Attorney General, Helena, Montana

      Gary Ryder, Treasure County Attorney, Hysham, Montana

Submitted on Briefs:  October 8, 2009

Decided:  October 27, 2009

Filed:

_____
                        Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Redding appeals from the order of the District Court of the Sixteenth Judicial District denying his motion to dismiss and to suppress evidence.  We affirm.

¶3      The following facts were found by the District Court, after an evidentiary hearing. In the early morning of April 16, 2006, a citizen on his way to work near Hysham, Montana, encountered a truck stopped in the middle of the road, in the wrong lane of travel, flashing a turn signal.  He stopped to offer assistance and found that the driver (Redding) was locked in the truck, slumped over the steering wheel and unresponsive. The truck transmission was in neutral and Redding's foot was on the accelerator revving the engine.  The citizen called 911, and Sheriff Robinison and Deputy Paff from the Treasure County Sheriff's Department responded. They all tried to wake Redding by pounding on the window, rocking the vehicle and shining a flashlight in his face.  After several minutes of this effort, Redding slowly came to consciousness and eventually got out of the vehicle.  There was an open can of beer on the driver's side dash in plain view

and an open box of beer on the floor of the passenger side. Redding later testified that he had no recollection of how he got to the place where he was found.

¶4    Redding admitted that he had been drinking the evening before and the citizen and officers all noted a strong odor of alcohol about him. His speech was slurred and difficult to understand, his eyes were red and bloodshot, and he was unsteady on his feet. He placed his hands behind his back as if to be handcuffed without being asked to do so. The officers did not handcuff Redding, but transported him nearby to the Sheriff's office to take a breath sample. After some delay, partly occasioned by a confrontation between Redding and his father, Paff read the "implied consent" form to Redding. Redding signed with an "X" and then with his initials but declined to take the breath test.

¶5    The officers gave Redding notices to appear for DUI and for having an open container in the vehicle and then gave him a ride to his grandmother's house. Redding was not jailed, fingerprinted or photographed and was not required to post bail. Redding moved to suppress all evidence seized at the scene on the ground that there were explanations for his conduct other than being intoxicated, and that the officer did not read the implied consent form to him. The District Court denied the motions. Redding pled guilty to DUI and was sentenced, reserving his right to appeal the pre-trial rulings.[1]

---

[1] While Redding states only one issue in his brief on appeal, he makes a number of other unusual and largely unsupported accusations in his brief. These include the contention that he was "unconstitutionally profiled" by being charged with DUI; that the testimony by the officers at the hearing was part of a "clear cover up;" and that the District Court "never reviewed the briefs in detail." These and other extraneous matters in his briefs have no bearing on the issues on appeal and have done nothing to aid Redding's cause.

¶6     Redding contends that the District Court improperly denied his motion to dismiss the charges against him on the ground that the officers lacked probable cause to make an arrest. Paradoxically, Redding also contends that he was not arrested the night of the incident. Whether or not Redding was ever under arrest, it is clear that the officers had ample reason to respond and to investigate the situation. *State v. Lovegren*, 2002 Mont. 153, ¶ 25, 310 Mont. 358, 51 P.3d 471. It is also clear that under the facts as noted above and found by the District Court, there was ample cause to detain Redding long enough to determine whether he would provide a breath sample for blood alcohol testing. *Lovegren*, ¶ 15.

¶7     Redding's primary contention on appeal is that he had alternative explanations for the condition he was in when he was found parked on the road. He contends that his condition was fully explained by his having "fallen into a deep sleep while driving." The District Court fully considered Redding's arguments and evidence below, holding two full days of evidentiary hearings. The District Court heard the testimony, observed the witnesses and made detailed and reasoned findings as to the evidence and the credibility of the witnesses when their testimony conflicted. It is the responsibility of the District Court to assess the demeanor and credibility of witnesses and to resolve conflicts in the testimony. *State v. Whiteman*, 2005 MT 15, ¶ 15, 325 Mont. 358, 106 P.3d 543. The District Court as the trier of fact was not bound by opinions of experts offered by Redding. *Bone v. State*, 284 Mont. 293, 305, 944 P.2d 734, 741 (1997), *overruled on other grounds*, *Whitlow v. State*, 2008 MT 140, ¶ 12, 343 Mont. 90, 183 P.3d 861.

4

¶8     Based upon the facts observed by the officers there was ample cause to charge Redding.  Probable cause to charge an offense is based upon what the officer saw at the time, even though the defendant subsequently provides alternative explanations for the situation.  *In re Cybulski*, 2008 MT 128, ¶ 18, 343 Mont. 56, 183 P.3d 39. The facts of this case, as the District Court found, are materially different from *Bush v. Department of Justice*, 1998 MT 270, 291 Mont. 359, 968 P.2d 716.  Therefore *Bush* does not require reversal of the District Court's decisions despite Redding's arguments to the contrary.

¶9     Redding makes much of the fact that the officers did not administer field sobriety tests.  While those tests can usually provide an officer with the necessary cause to make an arrest or to bring charges, they are not required before bringing a charge of DUI. *Cybulski*, ¶ 29.  The District Court explained it well:

> The Court determines that although it may have been the better practice to perform field sobriety tests somewhere during the processing, the failure to do so simply provides less evidence to the prosecution and does not constitute either a due process violation or violation of statute.

The failure to perform the sobriety tests and Redding's many alternative explanations for his condition when the officers found him were matters of defense, which he could have presented at trial.  *State v. Ditton*, 2006 MT 235, ¶ 55, 333 Mont. 483, 144 P.3d 783.  We find no reason to disturb the District Court's decisions on these matters.

¶10    Redding also argues that the District Court should have suppressed evidence consisting of photographs of an open beer can that was sitting on the driver-side dash of his truck and of the open box of beer that was sitting on the floor of the passenger side. However, Redding presents no cogent argument why photographs of items that were

concededly in plain and open view could not be seized as evidence. Redding only argues that the officers could have acted differently, such as by having the vehicle towed and impounded and then seeking a search warrant. This does not diminish the fact that the disputed items were in plain view and subject to seizure as evidence. *State v. Romero*, 224 Mont. 431, 436, 730 P.2d 1157, 1160 (1986). Redding does not present any cogent argument that the evidence in plain view could not be lawfully seized.

¶11 Redding argues that evidence that he refused to take a breath test should have been suppressed because the officers did not read the implied consent form to him. *See State v. Kintli*, 2004 MT 373, ¶¶ 18, 20, 325 Mont. 53, 103 P.3d 1056. While Redding contends that the officers read only a portion of the form to him, the District Court specifically found that the officers read the complete form. Redding's refusal to take the test was admissible. Section 61-8-404(2), MCA.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law. There clearly is sufficient evidence to support the District Court's findings of fact and conclusions of law.

¶13 Affirmed.

/S/ MIKE McGRATH

6

We concur:


/S/ JIM RICE
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON